16-746
L.K., by his parents, S.K. and J.W. v. New York City Department of Education

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 19th day of January, two thousand seventeen.

Present:  ROSEMARY S. POOLER,
          PETER W. HALL,
          RAYMOND J. LOHIER, JR.,
          *Circuit Judges*.

_____

L.K., by his parents, S.K. and J.W.,

*Plaintiffs-Appellants*,

v.                                                        16-746

NEW YORK CITY DEPARTMENT OF EDUCATION,

*Defendant-Appellee*.
_____

Appearing for Appellants:   Gary S. Mayerson (Maria C. McGinley, *on the brief*), Mayerson & Associates, New York, NY.

Appearing for Appellee:     Emma Grunberg, of counsel (Susan Greenberg, of counsel, *on the brief*), *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Nathan, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED** in part and **REMANDED** in part.

Plaintiff-Appellant L.K., by his parents S.K. and J.W. (collectively, "the Parents"), appeals from the March 1, 2016 order of the United States District Court for the Southern District of New York (Nathan, *J.*), granting summary judgment to the Department of Education ("DOE") on the Parents' claim under the Individuals with Disabilities Education Act ("IDEA"). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"The Supreme Court has established the three-pronged *Burlington/Carter* [t]est to determine eligibility for reimbursement [under the IDEA], which looks to (1) whether the school district's proposed plan will provide the child with a free [and] appropriate public education [("FAPE")]; (2) whether the parents' private placement is appropriate to the child's needs; and (3) a consideration of the equities." *C.F. ex rel. R.F. v. N.Y.C. Dep't of Educ.*, 746 F.3d 68, 73 (2d Cir. 2014) (citation omitted). The third prong instructs courts to consider "equitable considerations" because "equitable considerations are relevant in fashioning relief." *Sch. Comm. of Town of Burlington, Mass. v. Dep't of Educ. of Mass.*, 471 U.S. 359, 374 (1985). In *Frank G. v. Board of Education of Hyde Park*, a case on which Parents strongly rely, this court explained that "equitable considerations relating to the reasonableness of the action taken by the parents are relevant in fashioning relief" under prong three. 459 F.3d 356, 363-64 (2d Cir. 2006) (internal quotation marks, brackets, and citation omitted). Thus, the Parents' argument that they are entitled to full reimbursement once a program is found to be appropriate under the second prong misunderstands the *Burlington/Carter* test that this court must apply.

In evaluating reimbursement under prong three, the Supreme Court has held that courts "must consider all relevant factors, including the appropriate and reasonable level of reimbursement that should be required." *Florence Cty. Sch. Dist. Four v. Carter*, 510 U.S. 7, 16 (1993). In considering what is appropriate and reasonable, we must remember that the IDEA "does not require that a child be provided with the optimal programmatic alternative" and rather "calls only for selection of a program that provides a basic floor of opportunity." *C.F.*, 746 F.3d at 72 (internal quotation marks and citations omitted). The IDEA guarantees "an appropriate education for each disabled child[,]" not "the best education [that] money can buy." *Id.* (internal quotation marks and citations omitted). Thus, "[t]he appropriate amount [of reimbursement] bears a relationship to the quantum of services that the state would have been required to furnish, as well as the fees charged by [the parents' chosen] providers for their services" rather than requiring reimbursement for all services the parents chose to provide. *Still v. DeBuono*, 101 F.3d 888, 893 (2d Cir. 1996).

Here, the State Review Officer ("SRO") determined, and the district court affirmed, that some of the supplemental services L.K. received during the 2013-14 school year were not necessary for his educational progress, and thus were not reasonably required to be reimbursed, to the extent they would not have been required to be provided by the school district in the first instance. *L.K. v. N.Y.C. Dep't of Educ.*, 14-cv-7971, 2016 WL 899321, at *9-*10 (S.D.N.Y. Mar.

1, 2016). We conclude that the district court was correct that parents are not entitled to reimbursement for services provided in excess of a FAPE. However, it is unclear from the record before us whether the SRO and district court intended to deny the Parents reimbursement for the additional hour and a half of occupational therapy not covered under the pendency order, which was based on the Summer 2013 Individualized Education Program ("IEP"). On remand, the district court should make this determination.

We also remand two additional issues to the district court for further consideration and factual development.

First, the Parents argue that the DOE's rate of reimbursement was too low to sufficiently reimburse them because it did not take into account New York City market rates for L.K.'s services providers. In *Carter*, the Supreme Court held that courts should determine the "appropriate and reasonable level of reimbursement . . . required" under the IDEA, and stated that "[t]otal reimbursement will not be appropriate if the court determines that the cost of the private education was unreasonable." 510 U.S. at 16. The corollary to this holding is that total reimbursement is appropriate where the cost is reasonable, even where the cost is more than it might have cost the state to provide the service in the first place. This is because "public educational authorities who want to avoid reimbursing parents for the private education of a disabled child can do one of two things: give the child a [FAPE] in a public setting, or place the child in an appropriate private setting of the [s]tate's choice." *Id.* at 15. Given that the Parents are entitled to reimbursement for the supplemental services L.K. received during school year 2013-14 that were covered under the pendency order, the district court erred in failing to determine whether the amount the Parents paid was reasonable and therefore whether they should be reimbursed in full or, if the amount the Parents paid was unreasonable, the amount required to ensure the Parents were reimbursed for the full reasonable cost of the services to which L.K. was entitled.

Second, both parties agree that the district court erred in holding that the "fact-bound question of which particular services do not merit reimbursement will be resolved in future litigation over L.K.'s education." *L.K.*, 2016 WL 899321, at *9. The question of the extent of L.K.'s supplemental services entitlements presents "a classic instance of a harm capable of repetition, yet evading review" because the issue, if not decided on the merits, "will likely be repeated, perhaps as often as every school year, and will continue to evade review." *Bd. of Educ. of Pawling Cent. Sch. Dist. v. Schutz*, 290 F.3d 476, 478 n.1 (2d Cir. 2002) (internal quotation marks and citations omitted). Both the SRO and district court declined to determine the precise scope of the services to which L.K. was entitled after determining L.K.'s pendency entitlement was sufficient to have provided L.K. with a FAPE during the 2013-14 school year. Nevertheless, the question still remains as to what home- and community-based services L.K. requires in order to receive a FAPE going forward—the Parents allege and DOE does not contest that none of L.K.'s IEPs for school years 2014-15, 2015-16, or 2016-17 make provision for any supplemental services, and without a decision by this Court, this seems unlikely to change. Thus, without a decision on this issue, L.K. and his Parents will be forced to litigate the question of his supplemental services for every year of his schooling. A remand for the district court to consider this question in the first instance is therefore appropriate. On remand, the district court is welcome to consider the merits of the question, "or, perhaps more profitably, [to] remand the

3

matter to state administrative officers for a complete reexamination in light of" this decision and any further information that might now be available about L.K. and his needs given the passage of time since the initial due process complaint was filed. *E.M. v. N.Y.C. Dep't of Educ.*, 758 F.3d 442, 463 (2d Cir. 2014) (citation omitted). We also direct the district court to hold its review of the instant case in abeyance pending the Supreme Court's decision in *Endrew F. v. Douglas County School District RE-1*, 798 F.3d 1329 (10th Cir. 2015), *cert. granted*, 137 S. Ct. 29 (Sept. 29, 2016) (No. 15-827).

      We have considered the remainder of the Parents' arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED in part and REMANDED in part for further proceedings consistent with this order.

      FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk